UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

DOUGLAS SHACKE, individually, and on behalf of all others similarly situated,

Plaintiff,

- v. -

NCS PEARSON, INC. d/b/a PEARSON VUE

Defendants.

Case No.:

ECF Case

## NOTICE OF REMOVAL

Defendant NCS Pearson, Inc. ("Defendant"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Circuit Court of Cook County Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois.[1] The Court has subject matter jurisdiction, and the matter is therefore removable, because the putative class has more than 100 members, the matter in controversy exceeds $5,000,000, and minimal diversity is satisfied in that the plaintiff is a citizen of a different state than defendant. *See* 28 U.S.C. §§ 1332(d)(2); 1441; 1446; and 1453. In support of removal, Defendants state as follows:

### BACKGROUND

1. On October 24, 2019, the Plaintiff, purportedly on behalf of himself and "all others similarly situated," filed a complaint (the "Complaint") in the Circuit Court of Cook

---

[1] In removing this action, Defendant preserves any and all defenses. *See, e.g., Silva v. City of Madison*, 69 F.3d 1368, 1376 (7th Cir. 1995) ("[The right to object to personal jurisdiction] is not waived by filing a petition for removal to federal court."); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3738 (4th ed. 2014) ("defendants do not waive any defense by removing a case to federal court and may move to dismiss—for lack of personal jurisdiction, for example—or assert the defense of lack of personal jurisdiction in an answer filed before or after removal.").

County Illinois, County Department, Chancery Division, Case No. 2019 CH 12356 (the "State Court Action").

2.	On November 6, 2019, Plaintiff served Defendant with a copy of the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(a), requiring a copy of all process, pleadings, and orders served upon Defendants to be included with a notice of removal, the Complaint and Summons are attached as **Exhibit A**. No other documents have been served on Defendant.

3.	The time for Defendant to answer, move to dismiss, or otherwise respond to the Complaint has not yet expired. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of service of the complaint on Defendants. Because Defendant was served on November 6, 2019, this Notice of Removal is timely.

4.	Concurrent with the filing of this Notice and pursuant to 28 U.S.C. § 1446(d), Defendant is serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Circuit Court of Cook County Illinois.

5.	No previous application has been made for this or similar relief. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

6.	The United States District Court for the Northern District of Illinois embraces the county in which the State Court Action was brought. Venue is therefore proper for this Notice of Removal under 28 U.S.C. §§ 93(a) and 1446(a).

7.	The proposed putative class consists of "[a]ll examination candidates in the State of Illinois who had their hand geometry collected, captured, received, obtained, maintained, stored, or disclosed by Defendant during the applicable statutory period." Complaint at ¶ 57. Plaintiff's requested relief includes, *inter alia*, "statutory damages of $5,000 for *each* intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory

damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILC § 14/20(1)." Complaint at "Prayer for Relief", ¶ C.

8. Nothing in this Notice of Removal should be interpreted as a concession of liability, the appropriateness of venue, the appropriateness of class treatment, Plaintiffs' class definition, or the validity of Plaintiffs' claim for relief. Defendants reserve the right to supplement and amend this Notice of Removal.

## JURISDICTION

9. This Court has jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed plaintiff classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d) (2,5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

10. The Complaint alleges that members of the putative class are "so numerous that joinder of all members is impracticable." Complaint at ¶ 58. The Complaint further alleges that "all examination candidates sitting for the ASWB exam and other exams administered by [Defendant] are required to scan their hand geometry each time they enter and leave the testing area," Complaint at ¶ 35, that "Defendant scans, collects, and obtains their hand geometry" when those scans occur, Complaint at ¶ 34, and that Defendant "administers exams for hundreds of private entities[.]" Complaint at ¶ 32.

3

11. Defendant asserts that it has provided examinations for at least 5,000 individuals in Illinois within the last year.

12. The size of the putative class is thus in excess of 100 members and has, at minimum, 5,000 members.

13. Defendants deny Plaintiffs' substantive allegations, the appropriateness of class treatment, and that Plaintiffs are entitled to any of the relief sought in their Complaint, and do not waive any defense with respect to any of Plaintiffs' claims. Nonetheless, the amount in controversy is determined by accepting Plaintiffs' allegations as true.

14. The matter in controversy exceeds the sum or value of $5,000,000. Defendant has administered examinations to more than 5,000 individuals in the State of Illinois within the last year, the minimum possible "applicable statutory period[,]" and thus representing the minimum size of the putative class as alleged by Plaintiff. The amount in controversy is therefore at least $5,000,000—$1,000 (statutory penalty for negligent violation of BIPA) times 5,000 (minimum number of examinees constituting the putative class as defined in the Complaint).

15. Case law is clear that "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549-50, (2014).

16. Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

17. Plaintiff is a citizen of a different State than Defendant. Plaintiff is a citizen of the State of Illinois. Complaint at ¶ 14. Defendant is a corporation and a corporation is "deemed to

be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The term "principal place of business'" means "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)). Defendant is a citizen of Minnesota because it is incorporated in Minnesota and its principal place of business is also in Minnesota.

18. This action being on behalf of a putative class with greater than 100 members, with an amount in controversy exceeding $5,000,000, and Plaintiff and Defendant being citizens of different States, this Court has jurisdiction under 28 U.S.C. § 1332(d)(2) and this matter is properly removed to this Court under 28 U.S.C. §§ 1441, 1446, 1453.

## CONCLUSION

Defendants respectfully submit that this action is removed properly pursuant to the Class Action Fairness Act.

Dated: December 2, 2019　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ Michael R. Dockterman
　　　　　　　　　　　　　　　　　　　　　　　Michael Dockterman (ARDC # 3121675)
　　　　　　　　　　　　　　　　　　　　　　　STEPTOE & JOHNSON LLP
　　　　　　　　　　　　　　　　　　　　　　　227 West Monroe St., Suite 4700
　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60657
　　　　　　　　　　　　　　　　　　　　　　　(312) 577-1300
　　　　　　　　　　　　　　　　　　　　　　　*Attorney for NCS Pearson, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this day caused a true and correct copy of the foregoing to be served on the parties to this action by U.S. mail, postage prepaid and addressed as follows:

**STEPHAN ZOURAS, LLP**
Ryan F. Stephan
James B. Zouras
100 N. Riverside Plaza, Ste. 2150
Chicago, IL 60606


This the 2nd day of December, 2019        /s/ Michael Dockterman_____
                                                                                  Michael Dockterman